**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IAN SHORT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 10-CV-766-JED-FHM** |
| **v.** | ) | |
| | ) | |
| **USAA CASUALTY INSURANCE** | ) | |
| **COMPANY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

The Court has for its consideration the Motion for Leave to File a Second Amended

Petition [sic] to Add Parties Out of Time, filed by plaintiff Ian Short (Doc. 50) (the "Motion").

Defendants filed a Brief in Response (Doc. 57), and Short filed a Reply (Doc. 68).  In addition to

full consideration of the Motion and all briefing, the Court conducted oral argument on the

motion at a hearing on March 8, 2013.

The Tenth Circuit has held that "Rule 15(a) governs the addition of a party . . . because it

is actually a motion to amend." *United States* ex rel. *Precision Co. v. Koch Indus., Inc.*, 31 F.3d

1015, 1018 (10th Cir. 1994) (citations omitted).  "The court should freely give leave when justice

so requires."  Fed. R. Civ. P. 15(a)(2).  Under that standard, a court will generally "refuse leave

to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment.'" *Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300,

1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir.1993)).

However, "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny

leave to amend," and prejudice to the opposing party need not also be shown. *Frank*, 3 F.3d at 1365-66 (collecting cases).

In his Motion, Short requests that the Court permit the out-of-time filing of a Second Amended Complaint in order to add five (5) named plaintiffs as additional proposed class representatives. Each of them has sued the defendants in similar suits in Washington (proposed plaintiffs Lindsey Hayes, Matt Rosston and James W. Beasley, II) or Oregon (proposed plaintiffs Randi L. Byers and Rebecca Farris). According to Short, the claims filed in Washington and Oregon by the proposed plaintiffs were "brought for breach of contract and breach of an insurer's duty of good faith and fair dealing for precisely the same acts which Plaintiff alleges herein," and "[i]f the proposed class is certified, [the five (5)] will be class members." (Doc. 50 at 2, 7).

There has been significant motion practice in the Washington and Oregon cases. The Court has been advised that the Oregon case has been dismissed without prejudice upon the voluntary motion to dismiss by the plaintiffs there. There has been substantial discovery and motion practice in the Washington case, which is still pending in Washington state court. The Washington court granted a motion to dismiss, and there is currently pending a motion for reconsideration of part of that dismissal order.

Here, Short's counsel acknowledged at the March 8, 2013 hearing that Ian Short is a proper and fully adequate class representative for all claims pleaded as to the putative class and that the five (5) individuals he seeks to add would be class members if the proposed class is ultimately certified as requested (assuming their claims are not precluded as a result of their litigation in the Washington or Oregon actions). Accordingly, it is unnecessary to add five (5)

additional class representatives, as Short is an adequate class representative for all putative class members, including those five (5) he seeks to add.

Moreover, the addition of five (5) potential plaintiffs and class representatives would serve to unnecessarily complicate and expand discovery. This case was filed in 2010 as an individual claim. On January 24, 2012, Short was granted leave to amend to add the class allegations he is now pursuing. The deadline to add parties was April 1, 2012, but Short did not move to add the five (5) individuals as parties until over seven (7) months *after* the deadline. While Short's counsel was apparently unaware of the Oregon and Washington actions until after the deadline to add parties, it is unnecessary to add plaintiffs from those actions as putative class representatives here, where Short is alleged to be an adequate representative to protect the interests of a putative nationwide class, if one is ultimately certified. The addition of the five (5) as named plaintiffs would unnecessarily expand the proceedings. As noted, the request to add plaintiffs was filed several months after the scheduling deadline and, at least with respect to the plaintiffs in the Washington action, they have been litigating their claims there, and the case is pending on what appear to be substantive legal issues with those claims. Accordingly, denial of the addition of plaintiffs and class representatives is proper because each of the proposed additional plaintiffs is litigating or has litigated their claims elsewhere or they would be class members in this case if a class is subsequently certified.

IT IS THEREFORE ORDERED that Short's Motion for Leave to File a Second Amended Petition [sic] to Add Parties Out of Time (Doc. 50) is **denied**.

IT IS FURTHER ORDERED that the stay entered on November 19, 2012 is hereby **lifted**. Within 10 days of the filing of this Order, the parties shall submit a new proposed agreed

Class Certification Scheduling Order with deadlines that had not expired as of the entry of the Order staying the case (Doc. 52).

IT IS SO ORDERED this 14th day of May, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE